# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3700

_____

| | | |
|---|---|---|
| Carpenter's Produce, An Arkansas General Partnership, and Abraham Carpenter, Sr., Abraham Carpenter, Jr., Danny Carpenter, Terry Carpenter, Sr., and Albert Carpenter, Sr., | * * * * * * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Mary Ann Arnold, Pam Bredlow, Garland Bryant, Thad Freeland, Ronald Chastain, Antonio Franco, Wayne Perryman, Gerald Steed, and Leon Steel, All as Present or Former Agents and Employees, Arkansas Consolidated Farm Services Agency, United States Department of Agriculture, | * * * * * * * * * | |
| Appellees. | * | |

_____

Submitted:  June 15, 1999

Filed:  September 3, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER, District Judge.[1]

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiffs in this case, Carpenter's Produce and several members of the Carpenter family, received federal disaster relief money until their benefits were reconsidered following an audit by the Department of Agriculture.  After appealing that decision through several levels of administrative review and eventually having their benefits restored with interest, the Carpenters sued under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging racial discrimination in violation of the fifth amendment at an intermediate stage of review, and seeking damages directly under the Constitution.  The district court[2] dismissed the complaint on the grounds that the Bivens action was precluded by the existence of an elaborate review process and, alternatively, that the defendants were entitled to qualified immunity.  The Carpenters appeal and we affirm.

I.

Bivens actions are implied causes of action for damages against government officials for constitutional violations where Congress has not specifically provided for such a remedy.  The Supreme Court has allowed Bivens actions only in the absence of " 'special factors counselling hesitation in the absence of affirmative action by Congress,' " Schweiker v. Chilicky, 487 U.S. 412, 423 (1988), quoting Bivens, 403 U.S. at 396.  "[T]he concept of 'special factors counselling hesitation' ... has proved to

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

include an appropriate judicial deference to indications that congressional inaction has not been inadvertent." Chilicky, 487 U.S. at 423, quoting Bivens, 403 U.S. at 396. Thus, Bivens actions have not been allowed where "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of [the program's] administration." Chilicky, 487 U.S. at 423.

We believe, as did the district court, that the case before us is controlled by Chilicky. In that case, the plaintiffs' disability benefits under the Social Security Act were terminated after an audit performed pursuant to a congressionally mandated "continuing disability review" program. In addition to pursuing administrative remedies, the plaintiffs sued in federal court, alleging a violation of their fifth amendment right to procedural due process. After the district court dismissed the complaint, the Ninth Circuit reversed, see Chilicky v. Schweiker, 796 F.2d 1131 (9th Cir. 1986), and was then itself reversed by the Supreme Court, which held that the plaintiffs' Bivens action was precluded by the presence of the elaborate statutory remedial scheme included in the Social Security Act. Chilicky, 487 U.S. at 424-29.

The statutory scheme held to preclude the Bivens action in Chilicky, 487 U.S. at 424, consisted of de novo reconsideration by the state agency that made the initial decision to revoke benefits, subsequent review by the Secretary of Health and Human Resources (through an administrative law judge), and a hearing available before the Appeals Council of the Social Security Administration. After these remedies were exhausted, the plaintiffs were entitled to seek judicial review, including a review of constitutional claims. See id. The review process available to the plaintiffs in the circumstances of the case before us is at least as extensive as that in Chilicky.

After an initial decision by the relevant county committee on eligibility for disaster relief benefits, a claimant may seek reconsideration by that committee, followed by an appeal to, and possible reconsideration by, the state committee. See 7

-3-

C.F.R. § 780.7. In addition to the regulatory remedies available, Congress provided for several other levels of review. A claimant may appeal a state committee decision to the National Appeals Division (NAD), see 7 U.S.C. § 6996(a), an independent body within the Department of Agriculture, see 7 U.S.C. § 6992(a). An adverse decision by the NAD may be appealed to the NAD director, see 7 U.S.C. § 6998(b), who, under the relevant regulations, may subsequently be petitioned to reconsider his or her decision, see 7 C.F.R. § 11.11. Finally, Congress provided for judicial review under standards established by the Administrative Procedure Act (APA), see 5 U.S.C. §§ 551-559, including reversal of the final agency decision if it is "contrary to constitutional right, power, privilege, or immunity," see 5 U.S.C. § 706(2)(B).

II.

We believe, as the Court held in Chilicky, that the exhaustive scheme of remedies summarized above, supplemented by judicial review of constitutional violations, precludes the Carpenters' Bivens action. Cf. Maxey v. Kadrovach, 890 F.2d 73, 75-76 (8th Cir. 1989) (per curiam), cert. denied, 495 U.S. 933 (1990) (holding that judicial review under APA standards is alone sufficient to preclude a Bivens action). The Carpenters contend, as the Chilicky plaintiffs did, that their Bivens action should not be precluded, because the remedial scheme available to them provides for only the reinstatement of benefits, and not for any consequential damages or attorney's fees designed specifically to compensate for the alleged constitutional violation. The Supreme Court rejected this argument in Chilicky, 487 U.S. at 428, however, holding that "[i]n light of the comprehensive statutory schemes involved, the harm resulting from the alleged constitutional violation [could not] be separated from the harm resulting from the denial of the statutory right." Although the remedies provided by Congress may not have been complete, the Court reasoned, the decision not to provide specific, separate remedies for the constitutional violation was a policy decision best made by Congress, and not by the Court. Id. at 428-29.

The fact that Congress created the remedial process at question in <u>Chilicky</u> counseled the conclusion that the lack of a separate remedy for the alleged constitutional violation was not inadvertent. <u>Id.</u> at 423, 425-26, 429. Similarly, the lack of separate remedies for the constitutional violations alleged in this case does not appear inadvertent in light of the fact that Congress supplemented the regulatory review process by statute. We therefore believe that the design of the remedial scheme is a "special factor counselling hesitation," <u>Bivens</u>, 403 U.S. at 396, to allow a <u>Bivens</u> cause of action in the context of the Carpenters' case.

The Carpenters maintain that this case is more similar to <u>Krueger v. Lyng</u>, 927 F.2d 1050 (8th Cir. 1991), than to <u>Chilicky</u>. In <u>Krueger</u>, 927 F.2d at 1055, we stated that "[o]nly Congress has the power to decide that a statutory or administrative scheme will foreclose a <u>Bivens</u> action." We held, therefore, that a general enabling statute empowering agency heads to prescribe regulations for their departments did not evince an intent to provide a remedial scheme that would preclude a <u>Bivens</u> action. <u>Id.</u> The remedial scheme in <u>Krueger</u>, however, unlike that in <u>Chilicky</u> and in the Carpenters' case, was created entirely by regulation, and that was the point of our holding. Here, Congress evinced the specific intent to provide a comprehensive remedial scheme by adding extra statutory steps to the administrative remedial scheme. The addition of these extra steps distinguishes this case from <u>Krueger</u>, and serves as evidence that Congress's creation of a remedial scheme that provides no specific, separate remedy for discrimination was not inadvertent.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-